```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FREDERICK BOUNASISSI and STACEY BOUNASISSI, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | |
| v. | Civil Action No. 17-1028 (JBS/KMW) |
| PHH MORTGAGE SERVICES INC., | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, District Judge:**

This matter originally arises from a state-court foreclosure action against Plaintiffs Frederick and Stacey Bounasissi (collectively, "Plaintiffs") in the Superior Court of New Jersey, Burlington Country, Chancery Division. In this federal action, Plaintiffs allege, among other things, that Defendant PHH Mortgage Services, Inc. ("Defendant") violated the Real Estate Settlement Procedures Act ("RESPA") and RESPA's Regulation X when it proceeded with a foreclosure sale on Plaintiffs' home, despite the fact that Plaintiffs were engaged in a loan modification process at the time. Currently pending before the Court is Plaintiffs' motion for default judgment. For the following reasons, Plaintiffs' motion will be denied. Moreover, counsel for Plaintiffs will be ordered to show cause why the Complaint should not be dismissed with prejudice. The Court finds as follows:

1. On February 15, 2017, Plaintiffs filed the instant ten-count Complaint in the U.S. District Court for the District of New Jersey alleging, inter alia, that Defendant violated RESPA and RESPA's Regulation X when it proceeded with the foreclosure sale despite Plaintiffs' involvement in a loan modification process, and that Defendant was unjustly enriched by its conduct, engaged in unconscionable commercial practices including fraud and misrepresentation, and violated the Truth in Lending Act, Fair Debt Collection Practices Act and the New Jersey Consumer Fraud Act. [Docket Item 1 at ¶¶ 65-73, 81-88, 90, 93-96, 99-100, 102-104, 110-111.] Plaintiffs also inexplicably claim that Defendant is liable for civil penalties under the federal criminal statute for wire fraud, 18 U.S.C. § 1343. [Id. at ¶¶ 108.]

2. The Clerk of Court issued Summons as to Defendant on February 16, 2017. [Docket Item 2.] According to an affidavit of service filed by Plaintiffs upon the docket on October 8, 2017 [Docket Item 3], Defendant was duly served on July 28, 2017, more than 150 days after Summons was issued. Plaintiffs requested default against Defendant on April 5, 2018 [Docket Item 7], which the Clerk of Court entered four days later. Plaintiffs then filed the pending motion for default judgment [Docket Item 11], which is unopposed.

3. Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served

defendant who fails to a file a timely responsive pleading. See Fed. R. Civ. P. 55(b)(2). Before granting default judgment, a court must determine whether: (1) the plaintiff produced sufficient proof of valid service and evidence of jurisdiction; (2) the unchallenged facts present a sufficient cause of action; and (3) the circumstances otherwise render the entry of default judgment "proper." Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). The determination of whether default judgment is proper depends on: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).

4. As an initial matter, the undersigned expresses serious doubt that, on the facts alleged in the Complaint, the Court has jurisdiction over this matter in light of the Rooker-Feldman doctrine. The Court also finds that Plaintiffs' claims are likely barred by New Jersey's entire controversy doctrine. Finally, Plaintiffs do not appear to have timely served Defendant pursuant to Fed. R. Civ. P. 4(m), which requires service within 90 days of the issuance of the summons; Plaintiffs did not move to enlarge time for service. Accordingly, the Court may lack jurisdiction and

Defendant likely has several meritorious defenses. Plaintiffs are, therefore, not entitled to default judgment.

5. Moreover, the Court will, upon its own motion, order counsel for Plaintiffs to show cause why the instant matter should not be dismissed under well-settled law of the Rooker-Feldman doctrine and New Jersey's entire controversy doctrine as applied to situations of this type.

6. Plaintiffs are attempting to overturn a state court foreclosure judgment by seeking relief in this Court. Under the Rooker-Feldman doctrine, the Court lacks jurisdiction to hear such a claim. See, e.g., Otto v. Wells Fargo Bank, N.A., 693 F. App'x 161, 163 (3d Cir. 2017) ("To the extent that [the plaintiff's] complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that the Rooker-Feldman doctrine bars the suit.") (internal citations omitted); King v. Wells Fargo Bank, N.A., No. 18-cv-11316 (JBS/JS), 2018 WL 6522917, at *4 (D.N.J. Dec. 12, 2018) (barring federal suit attempting to overturn or negate a state court judgement of foreclosure); see also In re Madera, 586 F.3d 228, 232-34 (3d Cir. 2009); In re Knapper, 407 F.3d 573, 580-83 (3d Cir. 2005).

7. In addition, New Jersey's entire controversy doctrine likely bars Plaintiffs' claims in this case. This doctrine requires litigants to assert all affirmative claims relating to the

4

controversy between them in one action, and to join all parties with a material interest in the controversy, or be forever barred from bringing a subsequent action involving the same underlying facts. King, 2018 WL 6522917, at *4. Plaintiffs failed to join Defendant in the original proceeding in the Superior Court of New Jersey and may not do so now. Moreover, Plaintiffs did not join Defendant in a previous federal suit, which was dismissed with prejudice. See Bounasissi v. New York Life Ins. & Annuity Corp., No. 15-cv-7585 (JBS/JS), 2016 WL 4697333, at *1 (D.N.J. Sept. 6, 2016) (case involving the same Plaintiffs arising from same foreclosure action). In any event, Plaintiffs have had ample opportunity to raise all claims related to this foreclosure action and New Jersey's entire controversy doctrine likely prevents them from attempting to raise these claims here.

8. Finally, Plaintiffs do not appear to have timely served Defendant pursuant to Fed. R. Civ. P. 4(m). Under Rule 4(m), if a plaintiff fails to serve a defendant within 90 days after the complaint is filed the Court must dismiss the action without prejudice against the defendant or order that service be made within a specified time. Plaintiffs filed the Complaint on February 15, 2017 and served the Defendant 163 days later, on July 28, 2017. Plaintiffs have provided no explanation for their failure to timely serve Defendant.

5

9. For the foregoing reasons, the Court will deny Plaintiffs' motion for default judgment. Additionally, counsel for Plaintiffs must show cause within fourteen days why the Complaint should not be dismissed with prejudice for lack of jurisdiction under the Rooker-Feldman doctrine and/or because Plaintiffs' claims are barred by New Jersey's entire controversy doctrine. Plaintiff's counsel wall also be ordered to show cause within fourteen days why the Complaint should not be dismissed without prejudice for lack of timely service pursuant to Federal Rule of Civil Procedure 4(m). An accompanying Order shall be entered.

**June 21, 2019**             **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                  U.S. District Judge