IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK BOUNASISSI and STACEY BOUNASISSI,<br><br>    Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE SERVICES INC.,<br><br>    Defendant. | HONORABLE ROBERT B. KUGLER<br><br>Civil Action<br>No. 17-1028 (RBK/KMW)<br><br>**MEMORANDUM OPINION** |

**KUGLER, District Judge:**

In this matter, Plaintiffs Frederick and Stacey Bounasissi (collectively, "Plaintiffs") generally allege that Defendant violated their statutory rights in connection with the 2014 foreclosure of their home. Plaintiffs requested Default on April 5, 2018 [Docket Item 7], which the Clerk of Court entered four days later. Plaintiff then filed a motion for default judgment [Docket Item 11]. This Court denied Plaintiffs' motion for default judgment and ordered that counsel for Plaintiffs show cause as to why the Complaint should not be dismissed with prejudice for lack of jurisdiction under the Rooker-Feldman doctrine and New Jersey's entire controversy doctrine, as well as for lack of timely service. [Docket Item 13.] Counsel for Plaintiffs filed a response however failed to show good cause for their failure to timely serve defendants. Accordingly, and for the reasons discussed below, the Complaint will be dismissed

pursuant to Federal Rule of Civil Procedure 4(m). The Court finds as follows:

1. On February 15, 2017, Plaintiffs filed a ten-count Complaint in the U.S. District Court for the District of New Jersey. [Docket Item 1.] On October 5, 2017, the Court issued a notice of call for dismissal pursuant to L. Civ. R. 41.1(a) for lack of prosecution. [Docket Item 3.] Only after this notice was issued, Plaintiffs provided a certificate of service indicating that Defendant was served on July 28, 2017, more than 150 days after Summons was issued. [Docket Item 4.] Plaintiffs did not show good cause for untimely service at that time nor did they move to enlarge time for service.

2. Plaintiffs requested default against Defendant on April 5, 2018 [Docket Item 7], which the Clerk of Court entered four days later. Plaintiffs then filed an unopposed motion for default judgment [Docket Item 11], which was denied for, <u>inter alia</u>, failure to timely serve Defendant pursuant to Fed. R. Civ. P. 4(m). [Docket Items 12 & 13.] An accompanying order specified that counsel for Plaintiffs shall show cause within **fourteen (14) days** as to why the Complaint should not be dismissed without prejudice for lack of timely service. [Docket Item 13.]

3. **Eighteen (18) days** later, counsel for Plaintiffs filed an untimely motion for extension of time to respond to the order [Docket Item 14], which the court graciously granted [Docket

2

Item 15.] Counsel for Plaintiffs argues in the response that late service is "not a material issue" because the Clerk of Court granted default, and that good cause exists because the process server they enlisted failed to effectuate service in a timely manner. [Docket Item 16 at 7-8.]

4. Fed. R. Civ. P. 4(m) provides that the district court shall dismiss a complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 90 days after the filing. "A District Court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant." <u>Maltezos v. Giannakouros</u>, 522 F. App'x 106, 108 (3d Cir. 2013) (citing <u>McCurdy v. Am. Bd. of Plastic Surgery</u>, 157 F.3d 191, 196 (3d Cir. 1998). "Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of time." <u>Maltezos</u>, 522 F. App'x at 108 (citing <u>Petrucelli v. Bohringer & Ratzinger, GMBH</u>, 46 F.3d 1298, 1305-06 (3d Cir. 1995)). Prior to dismissing an action upon its own motion for failure to effect timely service, the district court must give notice to the plaintiff, <u>Liu v. Oriental Buffet</u>, 134 F. App'x 544, 546 (3d Cir. 2005), as has occurred here.

5. Here, 163 days transpired between the filing of the Complaint and service on Defendant. Plaintiffs' assertion that

3

untimely service is immaterial because the Clerk of Court granted default is incorrect. As mentioned in the preceding Memorandum Opinion, it is ultimately the Court's responsibility, rather than the Clerk's, to determine whether the plaintiff produced sufficient proof of valid service before granting default judgment. <u>Bounasissi v. PHH Mortg. Servs. Inc</u>, 2019 WL 2571169, at *1 (D.N.J. June 21, 2019) (citing <u>Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co.</u>, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted)). Moreover, proper service of process is particularly important in the default judgment context. <u>See</u> <u>Gold Kist, Inc. v. Laurinburg Oil Co., Inc.</u>, 756 F.2d 14, 19 (3d Cir.1985) ("A default judgment entered when there has been no proper service of the complaint is, <u>a fortiori</u>, void, and should be set aside.").

6. Additionally, the fact that Plaintiffs' process server failed to effectuate timely service for "reasons unknown" does not constitute good cause under Rule 4(m). <u>See</u> <u>Petrucelli</u>, 46 F.3d at 1307 ("We have previously held that reliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service." (citing <u>Braxton v. United States</u>, 817 F.2d 238, 242)). Plaintiffs do not propose any additional explanations for their failure to timely serve Defendant.

4

7. For the foregoing reasons, Plaintiff did not timely serve Defendant nor have they shown good cause for their failure to do so. Accordingly, the Complaint will be dismissed pursuant to Fed. R. Civ. P. 4(m). The accompanying Order will be entered.

_July 25, 2019_
Date

_[signature]_
ROBERT B. KUGLER
U.S. District Judge